UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON WARD,

    Petitioner,

v.                                Case No. 10-12096

DAVID BERGH,

    Respondent.
                                   /

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO REMAND,
GRANTING PETITIONER'S MOTION TO SUPPLEMENT OR HOLD IN ABEYANCE,
AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Ramon Lamar Ward filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, second-degree murder, and possession of a firearm during the commission of a felony. Now before the court are Petitioner's "Motion to Remand in Response to Respondent's Opposition" and "Motion to Supplement Habeas Petition Based On Newly Discovered Facts/Or In the Alternative Hold Petitioner's Habeas in Abeyance."

## I. DISCUSSION

### A. Motion to Remand

Petitioner asks the court to remand this matter to state court for an evidentiary hearing. This court lacks authority to remand a federal habeas corpus proceeding to state court. *United States v. Robinson*, 407 F. Supp. 2d 437, 444 (E.D. Mich. 2005); *see Coombs v. Diguglielmo*, 616 F.3d 255, 265 n.10 (3d Cir. 2010) (holding that a federal court "do[es] not have authority under the federal habeas statutes, 28 U.S.C.

§ 2241 or § 2254, to remand a habeas corpus petition to a state court for an evidentiary hearing"); *Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007) ("There is no authority in the habeas corpus statute for a federal court to remand or transfer a proceeding to the competent state court."); *Magwood v. Smith,* 791 F.2d 1438, 1449 (11th Cir. 1986) ("[A] federal district court or court of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts."). The court will deny this motion.

### B. Motion to Supplement or Hold in Abeyance

In his motion to supplement or hold in abeyance, Petitioner asks the court to stay proceedings in this matter so that he may exhaust unexhausted claims in state court, or, in the alternative, to allow him to supplement the record with a newly discovered affidavit and police reports which identify another individual as the perpetrator of the crimes for which he is imprisoned and show that the police knowingly presented false testimony at his trial.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, while all of the claims presented in his habeas corpus petition have been exhausted, he would like the petition stayed while he returns to state court to exhaust additional claims in state court that are based upon newly discovered evidence. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims,

the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time-barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. The newly discovered evidence includes an affidavit executed by Montez Thompson identifying another individual as the perpetrator ("Thompson Affidavit"), and police reports that, Petitioner argues, were not originally turned over to the defense, and which support a theory that someone else committed the crime and that the prosecutor knowingly presented false testimony.

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, No. 2:10-CV-420, 2011 WL 2785244, at *5 (S.D. Ohio July 15, 2011) (citing *Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008)). A number of federal courts have concluded that the *Rhines* good-cause requirement is less stringent than the good-cause showing required in the context of procedural default. *See Lockridge v. Ludwick*,

No. 09-10145, 2009 WL 5217592, at *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *see also Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Petitioner states that his unexhausted claims were not presented in state court because he did not discover the factual basis for these claims until after filing his habeas corpus petition. Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence. *See Midgett v. Curtin*, No. 09-cv-13654, 2010 WL 457459, at *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to satisfy *Rhines* "good cause" requirement); *Reed v. Wolfenbarger*, No. 08-11045, 2009 WL 3059135, at *3 (E.D. Mich. Sept. 21, 2009) (same); *Henderson v. Bell*, No. 07-14712, 2009 WL 1923527, at *1 (E.D. Mich. July 1, 2009) (same); *Leonardos v. Buddress*, No. C 06-07769 JSW, 2007 WL 1174825, at *3 (N.D. Cal. Apr.19, 2007) (granting stay and finding "good cause" under *Rhines*, in part, because petitioner's unexhausted claims were based on recently discovered evidence and "newly discovered evidence weighs in favor of finding good cause"); *Lugo v. Kirkland*, No. C 05-0580 JF, 2006 WL 449130, at *4 (N.D. Cal. Feb. 22, 2006) (granting stay of petition under *Rhines*, in part where petitioner demonstrated "good cause" by

4

showing that new claims were discovered after state appeal process concluded and petitioner had filed federal petition).

Petitioner provides no argument in support of his claim that the Thompson Affidavit, which is dated February 4, 2009, and the cited police reports are newly discovered. Nor does he attempt to explain why these documents could not, through the exercise of due diligence, have been discovered sooner. However, on consideration of a motion to stay, federal courts seldom address the strength of a petitioner's claim that evidence is newly discovered or that it could not have been discovered sooner.

For example, the issue of newly discovered evidence arises when a federal court, considering a habeas petition, determines whether a defendant convicted in Michigan who has already filed a motion for relief from judgment under Michigan Court Rule 6.502(G)(1) has an avenue available for state-court consideration of an unexhausted claim, or whether instead the defendant has procedurally defaulted. Rule 6.502(G) generally permits a defendant to file only one motion for relief from judgment, and Petitioner has already filed such a motion. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant asserts a claim of newly discovered evidence. The Sixth Circuit Court of Appeals has held that a federal court should "exercise caution" in concluding that a claim would be barred by a state procedural rule, such as the ban on successive motions for relief from judgment, where the state courts have not had the "opportunity to pass on the question themselves." *Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005). Instead, where it is "at least debatable whether the Michigan courts would entertain" a claim on a second or

5

successive motion for relief from judgment, the federal court should allow the state court to consider the question first. *Id.*

In order to obtain permission to file a successive motion for relief from judgment, Petitioner must show his claims of new evidence were not discovered prior to the filing of his first motion for relief from judgment.  In this case, the inquiry into when the new evidence was discovered by Petitioner likely will require some factual development and it is at least debatable whether the Michigan courts would entertain these claims. Therefore, they are best addressed first by the state court.  Because Petitioner's claim is one of newly discovered evidence, it appears that an avenue for proper exhaustion remains available to Petitioner in state court.

For similar—although not identical—reasons, the court concludes that Petitioner's claim of newly discovered evidence is sufficient to satisfy the *Rhines* good-cause requirement.  The court acknowledges the possibility that the evidence is newly discovered, but the court will not determine whether it is so, as such a determination might deprive the state court of the opportunity to be the first to pass on the question under Rule 6.502(G)(2).  The possibility is enough in this case to demonstrate good cause, which will allow Petitioner to preserve his rights in this forum and will afford the Michigan courts the chance to resolve the question of newly discovered evidence in the first instance.  Thus, although the court finds good cause, the court makes no finding regarding whether the evidence is newly discovered, could have been previously discovered through the exercise of due diligence, or qualifies as "evidence" under Michigan law.

The court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See Anthony v. Palmer*, No. 10-CV-13312, 2011 WL 1532162, at *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, No. 09-CV-13228, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, No. 07-CV-10965, 2007 WL 4181316, at *3 (E.D. Mich. Nov. 27, 2007) (same); *see also Woodson v. Smith*, No. 5:08CV2779, 2010 WL 3781579, at *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, No. 08-22655-CIV, 2010 WL 1258065, at *16 (S.D. Fla. Mar. 12, 2010) (collecting cases). In *Bartelli v. Wynder*, No. Civ.A. 04-CV-3817, 2005 WL 1155750, at *2 (E.D. Pa. May 12, 2005), the court held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts. A prosecutor's knowing use of false testimony or failure to produce material, exculpatory evidence may serve as grounds for granting a writ of habeas corpus. Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

7

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the court will stay further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, the court will impose upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *See id.* Further, he must ask this court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation marks omitted).

Finally, Petitioner asks to supplement his habeas petition to include the affidavit and police reports attached to his motion. The court will grant this request.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion to Remand in Response to Respondent's Opposition" [Dkt. # 11] is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to supplement or hold in abeyance [Dkt. # 12] is GRANTED. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this order and a motion to lift the stay and amended petition in this court within sixty days after the conclusion of the state

court proceedings. The affidavit and police reports may be included with the amended petition.

Finally, IT IS ORDERED that, to avoid administrative difficulties, the clerk of court is DIRECTED to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court will order the clerk to reopen this case for statistical purposes.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 25, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522