90

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District<br>Eastern District of Michigan |
|---|---|

| Name (under which you were convicted):<br>Ramon Lamar Ward | Docket or Case No.:<br>10-12096 |
|---|---|

| Place of Confinement:<br>R.A. Handlon Correctional Facility<br>1728 W. Bluewater Hwy.<br>Ionia, Michigan 48846 | Prisoner No.:241756 |
|---|---|

**FILED**

**APR 16 2014**

~~CLERK'S OFFICE DETROIT~~
**U.S. DISTRICT COURT**

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **RAMON LAMAR WARD** | v     **DEWAYNE BURTON** |
| The Attorney General of the State of | Michigan |

## PETITION

(a) Name and location of court that entered the judgment of conviction you are challenging:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

| | (b) | Docket or case number (if you know): | 94-004942 |
|---|---|---|---|
| 2. | (a) | Date of judgment of conviction (if you know): | 1-25-95 |
| | (b) | Date of sentencing: | 2-16-95 |
| 3. | Length of sentence: | Life; 40-60 years; and 2 years | |
| 4. | In this case, were you convicted on more than one count or of more than one crime? | | |

| X | Yes | ☐ | No |
|---|---|---|---|

Identify all crimes of which you were convicted and sentenced in this case:
1st Degree Murder MCL 750.316
2nd Degree Murder MCL 750.317
Felony Firearm MCL 750.224

| 6. | (a) | What was you plea? (Check one) |
|---|---|---|

| | X | Not guilty | ☐ | Nolo contendere (no contest) | | |
| | ☐ | Guilty | ☐ | Insanity plea | | |

(b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

1

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(c) If you went to trial, what kind of trial did you have?  (Check one)

| | X | Jury | | ☐ | Judge only |

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?

| | X | Yes | | ☐ | No |

8.  Did you appeal from the judgment of conviction?

| | X | Yes | | ☐ | No |

9.  If you did appeal, answer the following:

| (a) | Name of court: | Michigan Court of Appeals |
| (b) | Docket or case number (if you know): | 184517 |
| (c) | Result: | Affirmed Convictions |
| (d) | Date of result (if you know): | 9-17-99 |
| (e) | Citation to the case (if you know): | |

(f)   Grounds raised:

I.   DEFENDANTS STATEMENTS TO THE POLICE SHOULD HAVE BEEN SUPPRESSED BECAUSE HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WAS VIOLATED WHERE HIS WARRANTLESS ARREST WAS NOT SUPPORTED BY PROBABLE CAUSE BUT INSTEAD WAS ORDERED FOR THE ADMITTED PURPOSE OF INVESTIGATION AND THE PROSECUTION FAILED TO MEET ITS BURDEN OF PROVING THAT THE CAUSAL CHAIN BETWEEN MR. WARD'S ARREST AND HIS INCULPATORY STATEMENT WAS BROKEN.

II.   DEFENDANT'S WARRANTLESS ARREST IN HIS HOME VIOLATED HIS FOURTH AMENDMENT RIGHT TO BE FREE OF UNREASONABLE SEIZURES.

III.   DEFENDANT'S STATEMENTS WERE INVOLUNTARY AND THEREFORE SHOULD HAVE BEEN SUPPRESSED WHEN VIEWED IN THE TOTALITY OF THE CIRCUMSTANCES WHERE POLICE SUBSTANTIALLY DELAYED DEFENDANT'S ARRAIGNMENT, KNOWINGLY USED COERCIVE TACTICS TO EXTRACT A CONFESSION, AND DENIED DEFENDANT'S REQUEST FOR COUNSEL.

IV.   DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR ARGUES HIGHLY PREJUDICIAL FACTS NOT IN EVIDENCE, AND APPEALED TO THE SYMPATHIES OF THE JURY.

V.   THE TRIAL COURT REVERSIBLY ERRED WHEN IT INSTRUCTED THE JURY ERRONEOUSLY ON:
   a.)REASONABLE DOUBT
   b.)INCOMPLETE INSTRUCTION ON THE POLICE WITNESSES
   c.)UNDERLYING FELONY OF LARCENY IN THE FELONY MURDER INSTRUCTIONS.
   d.)FELONY FIREARM

| | | | | | |
|---|---|---|---|---|---|
| (g) | Did you seek further review by a higher state court? | | X | Yes | ☐ No |

If yes, answer the following:

| | | |
|---|---|---|
| (1) | Name of court: | Michigan Supreme Court |
| (2) | Docket or case number (if you know): | Don't Know |

(3)   Result: Denied Application for Leave to Appeal

| | | |
|---|---|---|
| (4) | Date of result (if you know): | March 28, 2000 |
| (5) | Citation to the case (if you | People v. Ward, 461 Mich. 999 (2000) |

(6) Grounds raised: Same as In Michigan Court of Appeals.

| | | | | |
|---|---|---|---|---|
| (h) | Did you file a petition for certiorari in the United States Supreme Court? | | | |
| | ☐ | Yes | X | No |

If yes, answer the following:

| | |
|---|---|
| (1) | Docket or case number (if you |

(2)   Result:

| (3) | Date of result (if you |
|-----|------------------------|
| (4) | Citation to the case (if you |

2

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**10.** Other than the direct appeals listed above, have you previously filed any other petitions, applications,

or motions for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules

concerning this judgment of conviction in any state court?     X  Yes     ☐  No

**11.** If your answer to Question 10 was "Yes," give the following information:

| (a) | (1) | Name of court: | Wayne County 3rd Judicial Circuit |
|-----|-----|----------------|-----------------------------------|
|     | (2) | Docket or case number (if you | 94-004942 |
|     | (3) | Date of result (if you know): | November 14, 2008 |
|     | (4) | Nature of the proceeding: | Motion for Relief From Judgment |

(5) Grounds raised:

    I.   THE PROSECUTOR'S SUPPRESSION OF EVIDENCE OF IMPEACHMENT REGARDING INDUCEMENT TO MATERIAL WITNESSES COWAN AND TWILLEY, AND THE PROSECUTOR'S FAILURE TO CORRECT FALSE TESTIMONY OF THOSE WITNESSES REGARDING SUCH INDUCEMENTS DEPRIVED PETITIONER OF HIS RIGHT TO A FAIR TRIAL.

    II.   PETITIONER WAS DENIED HIS RIGHT TO BE FREE SELF-INCRIMINATION AND HIS RIGHT TO DUE PROCESS OF LAW WHEN THE PROSECUTION USED TESTIMONY OF THE POLICE AGENTS, COWAN AND TWILLEY, WHICH CONCERNED ADMISSIONS HE MADE TO THEM IN THE ABSENCE OF MIRANDA WARNINGS.

    III.   PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT AND A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE OF MATERIAL PROSECUTORIAL AND LAW INFORCEMENT INDUCEMENTS PROMISED TO WITNESSES TWILLEY AND COWAN.

    IV.   THE COURT'S DENIAL OF THE MOTION FOR A CONTINUANCE SO THAT A DEPOSITION COULD BE TAKEN OF A HOSPITALIZED WITNESS VIOLATED APPELLANT'S RIGHT TO COMPULSORY PROCESS AND TO PRESENT A DEFENSE.

| ( | Did you receive a hearing where evidence was given on your petition, application, or |
|---|------------------------------------------------------------------------------------|
|   | motion?   X  Yes        No |
| (7 | Result:  JUDGE DIDN'T ALLOW A FULL RECORD; LACK OF JURKD. |
| (8 | Date of result (if you know): |

| (b) | If you filed any second petition, application, or motion, give the same information: |
|-----|--------------------------------------------------------------------------------------|
|     | (1) Name of court: | Wayne County 3rd Judicial Circuit Court |
|     | (2) Docket or case number (if you | 94-004942 |
|     | (3) Date of filing (if you | 2012 |
|     | (4) Nature of the proceeding: | Motion for Relief from Judgment |

(5) Grounds raised:

I.
DEFENDANT WARD HAS PRESENTED EVIDENCE THAT THERE IS A "SIGIFICANT POSSIBILITY" THAT HE IS INNOCENT OF FIRST AND SECOND DEGREE MURDER.

II.
DEFENDANT WARD WAS DENIED DUE PROCESS AND THE RIGHT TO A FAIR TRIAL WHERE HIS CONVICTIONS WERE OBTAINED BASED UPON FALSE TESTIMONY.

III.
DEFENDANT WARD WAS DENIED HIS FEDERAL AND STATE CONSITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE WHEN THE DETROIT LAW ENFORCEMENT OFFICIALS DENIED ARRAIGNMENT PROCEEDING FOR FIVE DAYS AND SOUGHT TO BENEFIT FROM THIS CONSITUTIONAL DEPRIVATION BY ARRANGING FOR INFORMANTS TO ELICIT INCULPATORY STATEMENTS DURING THIS CONSTITUTIONAL INFRINGEMENT.

IV.
DEFENDANT WARD WAS DENIED THE RIGHT TO EFFECIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE AS GUARANTEED BY THE UNITED STATES AND MICHIGAN CONSTITUTIONS.

V.
DEFENDANT WARD IS ENTITLED TO RELIEF FROM JUDGMENT UNDER MCR 6.508(d) ON THE ISSUES RAISED INTHIS MOTION FOR RELIEF FROMJUDGMENT. DEFENDANT WARD HAS A FUNDMENTAL RIGHT TO PETITTION THIS COURT FOR REDRESS OF GRIEVANCES.

| | | | | | |
|---|---|---|---|---|---|
| (6) | Did you receive a hearing where evidence was given on your petition, application, or motion? | ☐ | Yes | X | No |
| (7) | Result: | | | | |
| (8) | Date of result (if you know): | | | | |

3

| | | |
|---|---|---|
| (c) | If you filed any third petition, application, or motion, give the same information: | |
| | (1) | Name of court: Not Applicable |
| | (2) | Docket or case number (if you |
| | (3) | Date of filing (if you |
| | (4) | Nature of the |
| | (5) | Grounds raised: |

| (6) | Did you receive a hearing where evidence was given on your petition, application, or |
| | motion?  ☐ Yes  ☐ No |
| (7) | Res |
| (8) | Date of result (if you know): |

| (d) | Did you appeal to the highest state court having jurisdiction over the action taken on you petition, application, or motion? |

| | (1) First petition: | X Yes | ☐ No | |
| | (2) Second | X Yes | ☐ No | |
| | (3) Third petition: | ☐ Yes | ☐ No | |

| (e) | If you did not appeal to the highest state court having jurisdiction, explain why you did not: |

**12.** For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

I. **GROUND ONE:**  DEFENDANTS STATEMENTS TO THE POLICE SHOULD HAVE BEEN SUPPRESSED BECAUSE HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WAS VIOLATED WHERE HIS WARRANTLESS ARREST WAS NOT SUPPORTED BY PROBABLE CAUSE BUT INSTEAD WAS ORDERED FOR THE ADMITTED PURPOSE OF INVESTIGATION AND THE PROSECUTION FAILED TO MEET ITS BURDEN OF PROVING THAT THE CAUSAL CHAIN BETWEEN MR. WARD'S ARREST AND HIS INCULPATORY STATEMENT WAS BROKEN.

4

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

| (a) | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): |

Prior to trial, Defendant made a motion to suppress two statements made during custodial interrogations following his arrest.  On July 8, 1994, a hearing was held pursuant to this motion.  At the conclusion of the hearing, the Judge denied the motion to suppress.  At trial, both statements were read into the record, and constituted the most damaging evidence from Mr. Ward.  The decision of the court to recognize the arrest of Mr. Ward was legal, and admit his subsequent statements, denied Mr. Ward his constitutional right to be free from unreasonable warrantless seizure unsupported by probable cause. Moreover, the decision denied Mr. Ward his constitutional protection from unreasonable seizures in the home, violated his Fifth Amendment right to counsel and deprive him of due process.

(b) If you did not exhaust you state remedies on Ground One, explain why:

| (c) | **Direct Appeal of Ground One:** |
|---|---|

| (1) | If you appealed from the judgment of conviction, did you raise this issue? |
|---|---|

| X | Yes | ☐ | No | | |
|---|---|---|---|---|---|

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

| (d) | **Post-Conviction Proceedings:** |
|---|---|

| (1 | Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the |
|---|---|

| | Michigan Court Rules? | | ☐ | Yes | | X | No | |
|---|---|---|---|---|---|---|---|---|

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| (3) | Did you receive a hearing on your motion or petition? | | ☐ | Yes | X | No |
|---|---|---|---|---|---|---|
| (4) | Did you appeal from the denial of your motion or petition? | | ☐ | Yes | ☐ | No |

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

| ☐ | Yes | ☐ | No | | |
|---|---|---|---|---|---|

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you

Date of the court's

5

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

| (e) | **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, |
|-----|----|

etc.) that you have used to exhaust your state remedies on Ground One:   I appealed this issue to The Michigan Court of Appeals and to the Michigan Supreme Court.

**GROUND TWO:**   DEFENDANT'S WARRANTLESS ARREST IN HIS HOME VIOLATED HIS FOURTH AMENDMENT RIGHT TO BE FREE OF UNREASONABLE SEIZURES.

| (a | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): |
|-----|----|

The police seized Mr. Ward at his home without a warrant.  Defendant was in custody for three days before the warrant was procured.  At trial, Officer Monica Childs of the Detroit Police Department's Homicide Division testified that she did no procure a warrant for the arrest of Mr. Ward, but nonetheless directed officers to arrest him.  Officer Childs further stated that she instructed Officer Jorgensen to bring Mr. Ward in for the purpose of an investigation.  Officer Childs testified that her instruction to arrest Defendant was based solely on information from a third party who mentioned defendant and defendant's brother in connection with the homicide.  Childs stated that Mr. Ward's name, as well as his brother's name, came up in connection with a third party, Mr. Ward's cousin Jimmie Stancil.  Stancil, who admitted to perjury and was incarcerated fro thirteen days when he mention Mr. Ward's name, was also a suspect in the crime.

(b) If you did not exhaust you state remedies on Ground Two, explain why:

| (c) | **Direct Appeal of Ground Two:** |
|-----|----|

(1) If you appealed from the judgment of conviction, did you raise this issue?

| X | Yes | ☐ | No | |
|---|-----|---|----|---|

(2) If you did not raise this issue in your direct appeal, explain why:

| (d) | **Post-Conviction Proceedings:** |
|-----|----|

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

| Michigan Court Rules? | | ☐ | Yes | X | No | |
|-----------------------|---|---|-----|---|----|---|

(2) If your answer to Question (d)(1) is "Yes," state:

| Type of motion or petition: | |
|-----------------------------|---|

| Name and location of the court where the motion or petition was filed: | |
|---|---|
| Docket or case number (if you know): | |

6

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

| Date of the court's | |
|---|---|
| Result (attach a copy of the court's opinion or order, if available): | |

| (3) | Did you receive a hearing on your motion or petition? | | | | |
|---|---|---|---|---|---|
| | ☐ | Yes | X | No | |
| (4) | Did you appeal from the denial of your motion or petition? | | | | |
| | ☐ | Yes | ☐ | No | |
| (5) | If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | | | | |
| | ☐ | Yes | ☐ | No | |
| (6) | If your answer to Question (d)(4) is "Yes," state: | | | | |

| Name and location of the court where the appeal was filed: | |
|---|---|
| Docket or case number (if you | |
| Date of the court's | |
| Result (attach a copy of the court's opinion or order, if available): | |

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

| (e) | **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:   Appealed decision to the Michigan Court of Appeals and the Michigan Supreme Court. |
|---|---|

**GROUND THREE:**
DEFENDANT'S STATEMENTS WERE INVOLUNTARY AND THEREFORE SHOULD HAVE BEEN SUPPRESSED WHEN VIEWED IN THE TOTALITY OF THE CIRCUMSTANCES WHERE POLICE SUBSTANTIALLY DELAYED DEFENDANT'S ARRAIGNMENT, KNOWINGLY USED COERCIVE TACTICS TO EXTRACT A CONFESSION, AND DENIED DEFENDANT'S REQUEST FOR COUNSEL.

| (a) | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): |
|-----|---|

The record shows that Mr. Ward was arrested at approximately 10:30 am on April 20, 1994.  The record further establishes that Mr. Ward was not arraigned until April 25, 1994, after he had been given two statements to Officer Childs on April 20th, and 21st.  This five day delay was unnecessary, in violation of Michigan Law and Federal Constitutional principles, and unduly coercive.  While not grounds for suppression alone, it taints the entire period of incarceration, and raises significant doubts as to the ultimate admissibility of the statements.

Mr. Ward was not arraigned within 48 hours of arrest.  Mr. Ward was very susceptible to coercive police tactics in this case.  At the time, the defendant was a 21 year old unemployed youth with an 11th grade education in remedial courses and a troubled high school record.  He was taken from his home and placed in a cell at the homicide station.  During the days between his arrest and his arraignment, the police used falsehoods and promises of leniency to extract statements.  Mr. Ward was interrogated twice by Officer Childs without any other Police Officer present, and by two prison informants, who claimed that they spoke with defendant in jail, and who later had conversations with Officer Childs.  Defendant testified at trial that he was told by Officer Childs that he would not be charged in this murder investigation, and that it could be made to look like self-defense.  At the preliminary exam hearing, Defendant testified that during interrogations, he asked to be allowed to speak with an attorney.  He further stated that Officer Childs responded saying, "no, not right now".  He testified that Officer Childs had him read the rights form silently, and that he told her that he did not understand it.  Moreover, defendant requested a lawyer, and stated that he did not want to talk.  Officer Childs responded, "well if you don't want to talk, you can go back in the back room and you can stay there until you're ready to talk.  It is conceded that the trial court chose to believe the Officer's denial that Mr. Ward's request for counsel were made, and thus denied the motion to suppress.  In most cases, the reviewing court will give deference to the fact finding of the trial court.  However, in this case, given the police attitude shown towards Mr. Ward, as discussed above, and their knowing use of coercive tactics and false statements in order to induce confession, their denials of the request for counsel should not have been given credibility.

| (b) If you did not exhaust your state remedies on Ground Three, explain why: |
|---|

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

| (c) | **Direct Appeal of Ground Three:** |
|-----|---|

| (1) If you appealed from the judgment of conviction, did you raise this issue? |
|---|

| X | Yes | ☐ | No | |
|---|-----|---|----|---|

(2) If you did **not** raise this issue in your direct appeal, explain why:

| (d) | **Post-Conviction Proceedings:** |
|-----|---|

| (1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the |
|---|

| Michigan Court Rules? | | ☐ | Yes | X | No | |
|---|---|---|-----|---|----|---|

(2) If your answer to Question (d)(1) is "Yes," state:

| Type of motion or | |
|---|---|

Name and location of the court where the motion or petition was filed:

Docket or case number (if you

Date of the court's

Result (attach a copy of the court's opinion or order, if available):

| (3) | Did you receive a hearing on your motion or petition? |
|-----|-------|

☐ Yes   ☐ No

| (4) | Did you appeal from the denial of your motion or petition? |
|-----|-------|

☐ Yes   ☐ No

| (5) | If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? |
|-----|-------|

☐ Yes   ☐ No

| (6) | If your answer to Question (d)(4) is "Yes," state: |
|-----|-------|

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

| (e) | **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, |
|-----|-------|

etc.) that you have used to exhaust your state remedies on Ground Three:   Appealed the Decision to the Michigan Court of Appeals and the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for  Writ of Habeas Corpus

I.  **GROUND FOUR:**   DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHERE THE PROSECUTOR ARGUES HIGHLY PREJUDICIAL FACTS NOT IN EVIDENCE, AND APPEALED TO THE SYMPATHIES OF THE JURY.

(a | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In his closing arguments, the prosecutor erroneously told the jury that a .380 was found at the crime scene, "this is a man who favors a .380 and a .380 was found at the scene." The prosecutor further argued that defense counsel said "two people are deal and all the People have are two pieces of evidence.  I guess if I just wanted to puff up, I could have provided the defense with a lot of other photographs.  We could have looked at dead bodies, we could have looked at close ups of bullets."  Moreover, after defense counsel objected stating that the prosecutor's reference was to facts not in evidence, and the court agreed, the prosecution still stated, "We can bring .380 shells into court.  We can bring photos into court.  We can bring bloody clothes into court."  In closing arguments, the prosecutor spoke of the victims as real people,  that other people care about.  The Defense Counsel did not object, to this or the rebuttal statement made by the prosecutor that if this "case is really just a matter of a police conspiracy to get Mr. Ward convicted for whatever ambiguous reasons Officer Childs has to pin on Mr. Ward….if you simply want to distrust it because that's necessary to advocate for acquittal, then I don't know if anything I can say…can change your mind, or change your attitude about police and prosecutors in this case."  Defense Counsel objected to the Prosecutor's statements that inferred that the p[olice are making this up, that Officer Childs is a liar."  The Court overruled the objection stating that it is not important, because if it has a bill and webbed feet, it is still a duck.

(b) If you did not exhaust you state remedies on Ground Four, explain why:

(c) | **Direct Appeal of Ground Four:**

| (1) | If you appealed from the judgment of conviction, did you raise this issue? |
|---|---|
| X | Yes | ☐ | No |

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) | **Post-Conviction Proceedings:**

(1) | Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

Michigan Court Rules?

| ☐ | Yes | X | No |
|---|---|---|---|

(2) | If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| (3) | Did you receive a hearing on your motion or petition? | | |
|---|---|---|---|
| ☐ | Yes | ☐ | No |
| (4) | Did you appeal from the denial of your motion or petition? | | |
| ☐ | Yes | ☐ | No |

9

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a  Writ of Habeas Corpus

| (5) | If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | | |
|---|---|---|---|
| ☐ | Yes | ☐ | No |
| (6 | If your answer to Question (d)(4) is "Yes," state: | | |

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

| (e) | **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:   Appealed the Decision to the Michigan Court of Appeals and the Michigan Supreme Court. |
|---|---|

| 13. | Please answer these additional questions about the petition you are filing: | | | | |
|---|---|---|---|---|---|
| (a) | Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? | X | Yes | ☐ | No |

If your answer is "No," state which grounds have not been so presented and give your reason(s)

for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If

so, which ground or grounds have not been presented, and state your reasons for not presenting

them: All grounds have been presented to the State Courts.

| 14. | Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? | | X | Yes | ☐ | No | |

if "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available:

United States District Court for the Eastern District of Michigan
Theodore J. Levin United States Courthouse
231 W. Lafayette Blvd.5[th] Floor
Detroit, Michigan 48226
Ward v. Bergh, 10-12096

10

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for  Writ of Habeas Corpus

| (15) | Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state federal, for the judgment you are challenging? | | X | Yes | ☐ | No | |

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

United States District Court for the Eastern District of Michigan
Theodore J. Levin United States Courthouse
231 W. Lafayette Blvd.5th Floor
Detroit, Michigan 48226
Ward v. Bergh, 10-12096

Issues Raised:

I.   THE PROSECUTION SUPPRESSED MATERIAL WITNESS CREDIBILITY EVIDENCE FAVORABLE TO
     MR. WARD, NAMELY CONSIDERATION OFFERED WITNESSES JOE TWILLEY AND OLIVER COWAN
     IN EXCHANGE FOR THEIR TESTIMONY, DEPRIVING HIM OF HIS DUE PROCESS RIGHT TO A FAIR
     TRIAL.

II.  THE PROSECUTOR'S FAILURE TO CORRECT FALSE STATEMENTS MADE BY WITNESSES JOE
     TWILLEY AND OLIVER COWAN REGARDING CONSIDERATION OFFERED FOR THEIR TESTIMONY
     DEPRIVED MR. WARD OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.

III. THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION FOR A CONTINUANCE OR TO DEPOSED A
     HOSPITALIZED WITNESS WITH EXCULPATORY EVIDENCE VIOLATED MR. WARD'S RIGHT TO
     COMPULSORY PROCESS AND HIS RIGHT TO PRESENT A DEFENSE.

IV.  MR., WARD'S CONFESSION WAS INVOLUNTARY, IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO
     DUE PROCESS.  THE MICHIGAN COURT OF APPEALS' DECISION IS CONTRARY TO AN
     UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW.

| 16. | Give the name and address, if you know, of each attorney who represented you in the following stages |
| --- | --- |
| | of the judgment you are challenging: |

(a)  At preliminary hearing:
     George Chatman (P43203)
     Attorney At Law
     22025 Grand River
     Detroit, Michigan 48219

(b) At arraignment and plea:   N/A

(b)  At trial:
     George Chatman (P43203)
     Attorney At Law
     22025 Grand River
     Detroit, Michigan 48219

(c)At sentencing:
     George Chatman (P43203)
     Attorney At Law
     22025 Grand River
     Detroit, Michigan 48219

(d)  On appeal:
     Lyle N. Marshall (P49737)
     Assistant Defender
     340 Business & Trade Center
     200 Washington Square
     North Lansing, Michigan 48913

(e)  In any post-conviction proceeding:
Elizabeth Jacobs
Attorney at Law
615 Griswold Suite, 2000
Detroit, Michigan 48226

(f)  On appeal from any ruling against you in a post-conviction proceeding:
Craig A. Tank (P58360)
Attorney at Law
645 Griswold Suite, 2000
Detroit, Michigan 48226

And

Kimberly Thomas (P66643)
Michigan Clinical Law Program
363 Legal Research Building
801 Monroe Street
Ann Arbor, Michigan 48109

| 17. | Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? | ☐ Yes | X No | |
|---|---|---|---|---|
| (a) | If so, give name and location of court that imposed the other sentence you will serve in the future: | | | |
| (b) | Give the date the other sentence was imposed: | | | |
| (c) | Give the length of the other sentence: | | | |
| (d) | Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? | ☐ Yes | X No | |

11

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Therefore, petitioner asks that the Court grant the following relief:   Grant the Writ of Habeas Corpus by dismissing the conviction and sentence entirely, or in the alternative, remand to the trial court for a new trial absent the alleged statements made by defendant.

or any other relief to which petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

|  | 3/31/14 ,2014 |
|---|---|
|  |  |

| Executed (signed) on | 3/31/14 | 2014 |
|---|---|---|

*Ramon Lam Ward*

Signature of Petitioner – Ramon L. Ward, #241756

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

* * * * *

12

**ADDITIONAL ARGUMENTS**

| |
|---|
| MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus |

| |
|---|
| For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground. |

| |
|---|
| CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date. |

| |
|---|
| **GROUND FIVE:**  THE TRIAL COURT REVERSIBLY ERRED WHEN IT INSTRUCTED THE JURY ERRONEOUSLY ON: <br> a.   REASONABLE DOUBT <br> b.   INCOMPLETE INSTRUCTION ON THE POLICE WITNESSES <br> c.   UNDERLYING FELONY OF LARCENY IN THE FELONY MURDER INSTRUCTIONS. <br> d.   FELONY FIREARM |

| | |
|---|---|
| (a) | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): |

A.)    The Judge instructed the jury on reasonable doubt as follows:
"Now the standard of proof is proof beyond a reasonable doubt.  There is no such thing as proof beyond all doubt, and there is no such thing as proof beyond a shadow of a doubt.  It is proof beyond reasonable doubt.  And the words actually define what is meant by a reasonable doubt.  It certainly means doubt that is based on reason, and common sense, a fair, honest, and reasonable doubt.  In other words, you bring your everyday common sense, your rationale with you, and you apply that when you are reviewing the evidence.  You use reason, use reason and common sense.  Now a reasonable doubt is not a flimsy doubt.  It is not a vain or imaginary, or ficticious doubt.  It is not a hunch.  It is not a feeling.  And it is not a possibility of innocence.  It is a fair, honest, and reasonable doubt.
If you say that you have an abiding conviction to a moral certainty that the People have proven the case, then you have no reasonable doubt, and it is your duty to bring back a verdict of guilty.  If you do not have an abiding conviction to a moral certainty, it is your duty to bring back a verdict of not guilty.  In other words, to repeat, a reasonable doubt is a doubt that's based upon reason and common sense.  The kind of doubt that would make you hesitate before making an important decision…a doubt that's based upon reason and common sense."

The instructions given by the trial judge in this case were deficient in defining the prosecutions burden of proof.  The judge used parts of the old criminal jury instructions coupled with his own words in an attempt to convey the meaning of reasonable doubt.  The erroneous language included using the antiquated language, "moral certainty", which the United States Supreme Court has condemned.

B.)    The Judge instructed the jury on expert witnesses as follows:
"Now there were expert witnesses that testified in the case; that evidence technician and medical examiner.  You consider their credibility the same as you would the credibility of all the other witnesses.  They are all the same.  You decide whom you wish to believe, and whom you don't want to believe.

Defense counsel commented on the lack of instruction about police witnesses per CJI 2d 5.11.  (T 338).  The judge admitted that he only mentioned an evidence technician and a medical examiner, but did nothing to correct his error.  (T 338).

The Criminal Jury Instructions regarding testimony by police states:
"You have heard testimony from [a witness who is a police officer / witnesses who are police officers].  That testimony is to be judged by the same standards you use to evaluate the testimony of any other witness."  CJI 2d 5.11.

The trial court's failure to give the standard cautionary instruction on evaluating the testimony of a police witness was reversible error.  Because of their status as defenders of civilized society, police are commonly viewed by jurors with natural respect.  Indeed, some jurors are prejudiced in favor of the police.  The purpose of the criminal jury instructions on police testimony is to remind jurors with preconceptions to judge the testimony of a police officer by the same standards as that of any other witness.  The danger arises when, as in the case at bar, the case comes down to a credibility contest between police and Defendant.

The instruction did not adequately apprise the jury of the standard of judging the testimony of the police witnesses.  Read as a whole, and in light of the fact that this case boiled down to a credibility contest between Defendant and police, the instructions omitting police witnesses were unbalanced and of such danger as to constitute error.

Please See Attachment A – Ground Five –Jury Instructions.

(b) If you did not exhaust you state remedies on Ground Five, explain why:

(c) **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

| X | Yes | ☐ | No | | |

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?   ☐ Yes   X No

(2) Identify all crimes of which you were convicted and sentenced in this case:

Type of motion or petition: | Not Applicable

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | | | |
|---|---|---|---|---|---|
| (3) | Did you receive a hearing on your motion or petition? | | ☐ Yes | ☐ | No |
| (4) | Did you appeal from the denial of your motion or petition? | | ☐ Yes | ☐ | No |

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

| ☐ Yes | ☐ | No | |
|---|---|---|---|

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:   Issue Raised in the Michigan Court of Appeals and the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

I.   **GROUND SIX:**   THE PROSECUTOR'S SUPPRESSION OF EVIDENCE OF IMPEACHMENT REGARDING INDUCEMENT TO MATERIAL WITNESSES COWAN AND TWILLEY, AND THE PROSECUTOR'S FAILURE TO CORRECT FALSE TESTIMONY OF THOSE WITNESSES REGARDING SUCH INDUCEMENTS DEPRIVED PETITIONER OF HIS RIGHT TO A FAIR TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecution suppressed material evidence of Cowan's and Twilley's extensive histories as police snitches, and evidence of their preexisting tacit agreements with state officials that resulted in Twilley's release from prison in exchange for his testimony against Mr. Ward.  There are two pieces of evidence at issue that the prosecution was obligated under *Brady v. Maryland* to disclose to Mr. Ward, that the prosecution instead concealed.  The first evidence is of Cowan and Twilley's extensive relationship with the Detroit Police Department as Snitches.  Detroit Police investigator's repeatedly employed the two prisoners to "overhear" admissions of guilt from homicide suspects while held on the 9th Floor of the Detroit Police Headquarters.  Sgt. Collins, one of the investigator's in Mr. Ward's case candidly testified that the two had assisted the police in this manner on "at least 20 different occasions.  The second piece of suppressed evidence of the pre-existing tacit agreement that Cowan ant Twilley made with state officials, is in exchange for testifying against Mr. Ward, Twilley's murder sentence was reduced from 25 years in prison to time served, amounting to just over 5 years.  Sgt. Collins, and Lt. Bill Rice were instrumental in securing this reduction.  The same tow officers attempted to secure this reduction through the prosecutor's office, in which Wayne County Prosecutor Agacinski refused and acknowledged such a request in memo to the Chief of Operations of the Wayne County Prosecutor's Officer.  Because they refused, the officers lobbied Judge Shamo to reduce Joe Twilleys' Murder conviction. By the time Mr. Ward's trial in January of 1995, not only did state officials have an "understanding" with Twilley, but they had already made good on their end of the deal by securing his freedom. The prosecution failed to correct the false statements given by both Joe Twilley, and Oliver Cowan.  They both lied stating they were not promised anything in regards to the testimony given at Mr. Ward's preliminary examination and trial.

(b) If you did not exhaust you state remedies on Ground Six, explain why:

(c)  **Direct Appeal of Ground Six:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   Wayne County Prosecutor stipulated at an evidentiary hearing held after direct appeal had been ruled upon that at the time, Mr. Ward's appellate attorney did not have possession of the memos.

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

Michigan Court Rules?    ☒ Yes    ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief from Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

Date of the court's decision: November 14, 2008

Result (attach a copy of the court's opinion or order, if available):    Denied

(3)  Did you receive a hearing on your motion or petition?

    ☒ Yes     ☐ No

(4)  Did you appeal from the denial of your motion or petition?

    ☒ Yes     ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☒ Yes     ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. 30022
Lansing, Michigan 48909

Docket or case number (if you know): 295025

Date of the court's decision: February 12, 2010

Result (attach a copy of the court's opinion or order, if available):  Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:    Appealed the decision of the Court of Appeals to the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND SEVEN:**
PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT AND A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE OF MATERIAL PROSECUTORIAL AND LAW INFORCEMENT INDUCEMENTS PROMISED TO WITNESSES TWILLEY AND COWAN

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The withholding of the documents from a defendant by the prosecution, and the discovery of these documents after conviction satisfies the "good cause" requirement of MCR 6.508(D)(3)(a).

(b) If you did not exhaust you state remedies on Ground Seven, explain why:

(c) **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   X No

(2) If you did not raise this issue in your direct appeal, explain why:   Because the documents were withheld by the prosecution.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?

X Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Relief from Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

Date of the court's decision: November 14, 2008

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   X No

(4) Did you appeal from the denial of your motion or petition?   X Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

X Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

Docket or case number (if you know): 295025

Date of the court's decision: February 12, 2010

Result (attach a copy of the court's opinion or order, if available):   Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:  Appealed the decision of the Court of Appeals to the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND EIGHT:**
THE COURT'S DENIAL OF THE MOTION FOR A CONTINUANCE SO THAT A DEPOSITION COULD BE TAKEN OF A HOSPITALIZED WITNESS VIOLATED APPELLANT'S RIGHT TO COMPULSORY PROCESS AND TO PRESENT A DEFENSE.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The trial court denied Mr. Ward of his constitutionally-protected right to present a defense when it refused his motion for adjournment to allow both parties to either depose his hospitalized exculpatory witness, Mr. Don Harris' release from medical care. Mr. Ward's sole witness was hospitalized at the time of trial, and therefore could not appear to testify before the jury.  The defense made a simple request: either adjourn the trial until the witness could appear, or adjourn to allow the defense any opportunity to present Mr. Harris as a witness, and the defense was forced to rest without offering any testimony.

(b) If you did not exhaust you state remedies on Ground Eight, explain why:

(c)  **Direct Appeal of Ground Eight:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes     ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?     ☒ Yes     ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

| Date of the court's decision: | November 14, 2008 |
|---|---|

Result (attach a copy of the court's opinion or order, if available):    Denied

(3)   Did you receive a hearing on your motion or petition?

| X | Yes | | No | |
|---|---|---|---|---|

(4)   Did you appeal from the denial of your motion or petition?

| X | Yes | ☐ | No | |
|---|---|---|---|---|

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

| X | Yes | ☐ | No | |
|---|---|---|---|---|

(6)   If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

Docket or case number (if you know): 295025

| Date of the court's decision: | February 12, 2010 |
|---|---|

Result (attach a copy of the court's opinion or order, if available):  Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:    Appealed the Decision of the Court of Appeals to the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND NINE:**
DEFENDANT WARD HAS PRESENTED NEW EVIDENCE THAT THERE IS A "SIGIFICANT POSSIBILITY" THAT HE IS INNOCENT OF FIRST AND SECOND DEGREE MURDER.

| (a) | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): |
|---|---|

Defendant was contacted by the University of Michigan Law School Clinical Law Program after he submitted a questionnaire form and granted defense counsel (Kimberly Thomas) permission to give his case file to the Michigan Clinic Law Program. Defendant received from David Moran, Director of the University of Michigan Innocence Clinic a legal package containing materials about his case.

Defendant discovered a "handwritten police report" signed by "Bill" directed to someone named "Ralph" to have someone start talking to Jimmy Stancil on the 9th floor regarding the homicides Defendant is convicted of. As shown in the police report, Bill suspected Jimmy Stancil (AkA Poonie) was rolling dope with Shakie & Ramone (Defendant). Mr. Stancil as seen in the report was initially a suspect in the killings of these two women and later testified he perjured himself when he pointed the finger at Defendant.

Defendant asks of this Court to take Judicial notice that all progress notes in the case file signed "Bill" are all written or typed by Lt. William Rice of the Detroit Police Department. Who was one of the lead homicide detectives working on this case. Of critical importance in this matter is the fact that during Defendant's first post-conviction proceedings, specifically on November 25, 2003, Lt Rice testified that he did not place Joe Twilley on the ninth floor to get confessions from Defendant (Evidentiary Hearing before trial judge Leonard Townsend on 12-25-03 Case #94-4942 at pp 55-67).

Lt Rice maintained that he did nothing to elicit information from Defendant. As manifested by the newly discovered homicide report by Lt. Rice, he was definitely seeking to "elicit" inculpatory statements in regards to Defendant's case while he was being held on the ninth floor of 1300 Beabien, police headquarters, for five days until he was arraigned and was then transferred to the Wayne County Jail. Defense counsel Elizabeth L. Jacobs on direct examination questioned Lt. Rice as to whether any favors were given to Oliver Cowan and/or Joe Twilley in exchange for their cooperation with providing evidence against Defendant. Ms. Jacobs specially questioned Lt Rice as to whether Cowan and Twilley were professional snitches who had been given either explicit or implicit promises by him or Sgt Dale Collins that they would go to bat for them in getting their sentences reduced to time served. In response to this line of questioning, Lt. Rice and Sgt Collins both denied any attempts were made on their behalf to elicit information from Defendant while he was on the ninth floor in 1300 Beaubien.

In an unrelated Sentencing Hearing held before the Honorable Michael Sapala. (See Attached Sentence Tr on July 8, 1994). Testimony was given by Detective Moore that contradicts Mr. Cowen and Lt. Rice's testimony in the instant case. Detective Moore gave testimony stating that Mr. Cowen had assisted several squads in the homicide division. (ST pg 8 July 8, 1994) It was the belief of Detective Moore that the information given by Mr. Cowen in those cases was vital in helping to bring the suspects to trial. (See Attached Sentencing Transcript pg 8 July 8, 1994). As a condition of Mr. Cowen's plea and sentence agreement, his continual cooperation with the homicide division will be mandatory. The Court stated, "the sentence is simply going to be this one year probation, one year William Dickerson facility, expected continuing cooperation with homicide on the cases referred to. Failure to cooperate would be a violation of probation and you could receive up to fifteen years." (See Attached Sentencing Trans. Pg 9 July 8, 1994).

Lt. Rice's police report constitutes newly discovered evidence and meets the requirements under *Swain's* holding. Rice refused to be truthful at the evidentiary hearing, trial and appellate counsel could not have discovered this evidence prior to trial or before the direct appeal proceedings. Obviously during Defendant's first post-conviction proceedings Ms Jacobs was not privy to this information, as she strongly challenged during the hearing whether Sgt. Collins and/or Rice placed Cowan and Twilley on the ninth floor to elicit incriminating information from Defendant. Had this evidence been known to defense counsel Jacobs during the evidentiary hearing, there exist a reasonably likely chance the trial court would have reached a different decision.

The trustworthiness of Rice's testimony has been truly damaged. The trial judge listened carefully to his testimony during the evidentiary hearing and concluded that even with Cowan and Twilley's testimony being challenged in other cases, it bore no bearing on Defendant's case. Defendant contends that had this evidence been provided to the defense, there exist a reasonable probability that the outcome of his first post-conviction proceedings would have been different. *Kyle* supra.

Never could Lt. Rice's perjured testimony be considered harmless. Clearly he admitted on direct and cross examination that he did nothing to elicit statements from anyone in this case.

While the trial prosecutor in the present case may not have actually known, at the time of the trial, or during the evidentiary hearing about promises made to Twilley and Cowan by Rice or Collins, or by other law enforcement officials and prosecutors, those promises are imputed to him and he bears the responsibility for not disclosing them to the defense. Likewise, the same applies to the false testimony made by Rice during the evidentiary hearing.

Contrary to Lt. Rice testimony on direct and cross-examination it is the custom and policy of the Detroit Homicide division to utilize "professional snitches" to illicit information from Defendants housed on the 9th floor of 1300 Beaubien. In particular, in the instant case, a Olivera Cowen was specifically utilized as a professional snitch. In an undisclosed hearing that was held at the Recorder's Court in the chambers of the Honorable Michael Sapala, Mr. Olivera Cowen was awarded special treatment for the information that he provided the Detectives in the instant case. (See Attached Sentencing Transcript of Olivera Cowen).

(b) If you did not exhaust your state remedies on Ground Nine, explain why:

(c) **Direct Appeal of Ground Nine:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Because the evidence is newly discovered.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?   ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

Date of the court's decision: June 22, 2012

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?

☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?

☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

Docket or case number (if you know): 314054

Date of the court's decision: August 22, 2013

Result (attach a copy of the court's opinion or order, if available):Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Nine: Sought Leave to Appeal this Decision in the Michigan Supreme Court.

**GROUND TEN:**
DEFENDANT WARD WAS DENIED DUE PROCESS AND THE RIGHT TO A FAIR TRIAL WHERE HIS CONVICTIONS WERE OBTAINED BASED UPON FALSE TESTIMONY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

the prosecution's failure to make reasonable investigations and have discovered the fact Lt Rice provided false testimony in regards to encouraging individuals to talk to persons involved in Defendant's case, prevented defense counsel from exposing to the trier of fact the motivation behind Joe Twilley and Olivera Cowan's testimony. It wasn't just Lt. Rice encouraging individuals to illicit information from individuals housed on the 9th Floor. According to the testimony taken at the undisclosed sentencing hearing held in the chamber of Honorable Judge Michael Sapala it was the practice of the homicide division to assign cases to individual inmates such as Mr. Cowen. (See Attach Sentence Transcript pg 9 July 8, 1994). By cutting off questioning about a material fact that a jury "might reasonably have found furnishes the witness a motive for favoring the prosecution in his testimony," have violated Defendant's right to a fundamentally fair trial.

(b) If you did not exhaust you state remedies on Ground Ten, explain why:

(c) **Direct Appeal of Ground Ten:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes     X No

(2) If you did not raise this issue in your direct appeal, explain why:   This issue is an extension of the issues raised on Direct Appeal, Petitioner was granted a stay to exhaust the newly discovered evidence pertaining to this claim.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?     X Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

| | |
|---|---|
| Date of the court's decision: | June 22, 2012 |

Result (attach a copy of the court's opinion or order, if available):   Denied

| | | | | | |
|---|---|---|---|---|---|
| (3) | ☐ Did you receive a hearing on your motion or petition? | | ☐ Yes | X | No |
| (4) | Did you appeal from the denial of your motion or petition? | | X Yes | ☐ | No |

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

X Yes        ☐ No

(6)   If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

Docket or case number (if you know): 314054

Date of the court's decision: August 22, 2013

Result (attach a copy of the court's opinion or order, if available):Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten:  Sought Leave to Appeal this Decision in the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND ELEVEN:**
DEFENDANT WARD WAS DENIED HIS FEDERAL AND STATE CONSITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE WHEN THE DETROIT LAW ENFORCEMENT OFFICIALS DENIED ARRAIGNMENT PROCEEDING FOR FIVE DAYS AND SOUGHT TO BENEFIT FROM THIS CONSITUTIONAL DEPRIVATION BY ARRANGING FOR INFORMANTS TO ELICIT INCULPATORY STATEMENTS DURING THIS CONSTITUTIONAL INFRINGEMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the time of Defendant's arrest in early 1994, the law required an accused to be arraigned within 48 hours after a arrest. In Defendant's case, the Detroit Police Department engaged in a tactic which allowed them to not only violate Defendant's Miranda rights, they also violated his right to "the assistance of counsel for his defense."

Upon Defendant being placed into custody, he invoked his right to remain silent and requested the appointment of counsel. Defendant never intelligently, or knowingly waived his Fifth and Sixth Amendment rights and sat patiently on the ninth floor at 1300 Beaubien police headquaters for five days awaiting his released or arraignment. After repeated failed attempts by the above rights, he was finally taken five days later to 36th District Court for arraignment in clear violation of the statutory and procedural requirements.

Whether probable cause existed for Defendant's arrest is not the issue. What needs to be determined by this court is whether law enforcement officials intentionally denied Defendant of his constitutional rights against self incrimination and to the assistance of counsel by foreclosing the legal requirements to be arraigned promptly after the arrest. Defendant answers in the affirmative. Defendant's illegal detention for five days was an "unreasonable delay" for the purpose of gathering additional evidence or for fabricating evidence and/or for delay's sake.

(b) If you did not exhaust you state remedies on Ground Eleven, explain why:

(c) **Direct Appeal of Ground Eleven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   X No

(2) If you did not raise this issue in your direct appeal, explain why:   This issue presents additional facts pertaining to issues already before this Court.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?   X Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

Date of the court's decision: June 22, 2012

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?

☐ Yes   X No

(4) Did you appeal from the denial of your motion or petition?

X Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

X Yes   ☐ No

| | (6) | If your answer to Question (d)(4) is "Yes," state: |

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022

Docket or case number (if you know): 314054

Date of the court's decision: August 22, 2013

Result (attach a copy of the court's opinion or order, if available):  Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven:     Sought Leave to Appeal this Decision in the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND TWELVE:**
DEFENDANT WARD WAS DENIED THE RIGHT TO EFFECIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE AS GUARANTEED BY THE UNITED STATES AND MICHIGAN CONSTITUTIONS.

(a) | Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant has pleaded that his trial attorney was not informed by the prosecution that promises of leniency either explicit or implicit, were made to the prosecutor's key witnesses, and did not disclose any information regarding the prosecution's relationship with prisoner-witness Twilley or Cowan during his representation of Defendant. However, this trial court may disagree with this Defendant's averments and find that trial counsel could have with reasonable investigations have discovered and presented at trial the handwritten police report by Lt. Rice to undermine the trustworthiness of these witnesses testimony, as well as to have exposed the false testimony given by Lt Rice that he never did anything to elicit statements from Defendant.

Clearly had trial counsel made reasonable investigations into Defendant's case he would have discovered the handwritten note which revealed Lt Rice's instructions to have someone start talking to individuals believed to be involved in this case who were being housed on the ninth floor at 1300 Beaubien, police headquarters.
Defense counsel in the instant case knew that Twilley and Cowan provided the strongest evidence against the defense. Any constitutionally adequate attorney would have known to make reasonable investigations into whether any deals or promises of leniency were given in exchange for their co-operation in testifying against Defendant. Assessing the reasonableness as to whether counsel's performance was deficient in failing to have discovered the police report, should be determined by this Court to have fallen below an objective standard of reasonableness.

(b) If you did not exhaust your state remedies on Ground Twelve, explain why:

(c) | **Direct Appeal of Ground Twelve:**

(1) | If you appealed from the judgment of conviction, did you raise this issue?

| ☐ | Yes | X | No |

(2)  If you did not raise this issue in your direct appeal, explain why:   New evidence

(d) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?   X Yes   ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 94-004942

Date of the court's decision: Denied

Result (attach a copy of the court's opinion or order, if available):   Denied

(3)  Did you receive a hearing on your motion or petition?   ☐ Yes   X No

(4)  Did you appeal from the denial of your motion or petition?   X Yes   ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   X Yes   ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

Docket or case number (if you know): 314054

Date of the court's decision: August 22, 2013

Result (attach a copy of the court's opinion or order, if available):Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Twelve: Sought Leave to Appeal this Decision in the Michigan Supreme Court.

**GROUND THIRTEEN:**
DEFENDANT WARD IS ENTITLED TO RELIEF FROM JUDGMENT UNDER MCR 6.508(d) ON THE ISSUES RAISED INTHIS MOTION FOR RELIEF FROMJUDGMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      Under MCR 6.508(D) a court may not grant relief to a defendant on issues that could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrate:

            (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

        (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

        (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal; Swain supra, at 630.

      Under MCR 6.508(D)(3)(a) good cause for failure to have raised Argument I-IV on appeal is attributed to the fact Lt. Rice withheld material information from the defense. Furthermore, the withholding of documents from a defendant by the prosecution, and the discovery of these documents after conviction, satisfies the "good cause" requirement under MCR 6.508(D)(3)(a).
  In regards to Mr. Thompson's affidavit, Defendant could not using reasonable diligence, have discovered and produced this witness at trial.
Defendant herein has demonstrated "actual prejudice" by showing but for the alleged errors being committed during his criminal proceedings, he would have had a "reasonably likely chance of acquittal," alternatively, that the irregularities was "so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508(D)(3)(b) (i)(&iii).

(b) If you did not exhaust you state remedies on Ground Thirteen, explain why:

(c) **Direct Appeal of Ground Thirteen:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes      X  No

(2) If you did not raise this issue in your direct appeal, explain why:  Motion to Hold Habeas Petition in Abeyance granted to exhausted claims in state court.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?    X Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Relief From Judgment

Name and location of the court where the motion or petition was filed:
Wayne County 3rd Judicial Circuit Court
1441 St. Antoine
Detroit, Michigan 48226

| Docket or case number (if you know): | 94-004942 |
|---|---|

Date of the court's decision: June 22, 2012

Result (attach a copy of the court's opinion or order, if available):   Denied

| (3) | Did you receive a hearing on your motion or petition? | | ☐ Yes | X | No |
|---|---|---|---|---|---|
| (4) | Did you appeal from the denial of your motion or petition? | | X Yes | ☐ | No |

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

X  Yes          ☐  No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Michigan Court of Appeals
925 W. Ottawa
P.O. Box 30022
Lansing, Michigan 48909

| Docket or case number (if you know): | 314054 |
|---|---|

Date of the court's decision: August 22, 2013

Result (attach a copy of the court's opinion or order, if available):   Denied

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Thirteen:  Sought Leave to Appeal this Decision in the Michigan Supreme Court.

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

# Attachment A
## Ground Five –Jury Instructions.

C.) The judge gave the following instructions on the underlying felony in the felony murder

charge:

> "The other kind of Murder in the First Degree, as the statute says: Any murder
> which shall be committed in the perpetration of certain felonies. And it is alleged
> here Larceny. Larceny means taking of property of another person or attempting
> to take property of another person and a murder is committed in the perpetration
> of that. . . . So if you find he committed Murder and the murder was committed in
> the perpetration of taking properties, as defined to you, you may find him guilty of
> Felony Murder." (T 334).

Defense counsel commented on this line of instruction, arguing that adequate attention was not

given to the elements of the underlying felony of larceny. The court attempted to cure the error

stating:

> "Also, Larceny in this case, it was done in the commission of a larceny. It simply
> means taking, intentionally taking properties or intent to take property and having
> the intent to permanently deprive the owner of that property and to keep." (T
> 344).

The trial judge failed to give complete instructions pertaining to this central issue of the case.

The Criminal Jury Instructions set forth the elements for larceny:

> "The prosecutor must prove each of the following elements beyond a reasonable
> doubt:
>
> (2)First, that the defendant took someone else's property.
>
> (3)Second, that the property was taken without consent.
>
> (4)Third, that there was some movement of the property. It does not matter
> whether the defendant actually kept the property or whether the property was
> taken off the premises].
>
> (5)Fourth, that at the time the property was taken, the defendant intended to
> permanently deprive the owner of the property.
>
> (6)Fifth, that the property had a fair market value of more than $100 at the time it
> was taken." CJI 2d 23.1.

In the instant case, while the judge instructed the jury on the charge of felony murder, he failed

to instruct the jury on the elements of the underlying felony crime of larceny. (T 333).

Specifically, the judge instructed the jury that "larceny means taking of property of another

person, or attempting to take property, and a murder is committed in the perpetration of that." (T 334). Clearly the judge omitted four of the five elements of larceny. Moreover, the judge erroneously injected attempted larceny into the instruction. This instruction allowed the jury to convict on the mere assumption that an attempted larceny was made. Such an instruction is a severe deviation from the established elements of larceny, and denied Mr. Ward a fair determination by the jury. Considering that there was no direct evidence that a social security check was stolen, much less ever existed, the judge's instruction was clearly erroneous and highly prejudicial.

After comment from the defense counsel, the judge attempted to correct his error stating, "larceny in this case, it was done in the commission of a larceny. It simply means taking, intentionally taking properties or intent to take properties and having the intent to permanently deprive the owner of that property and to keep." (T 344). In giving this instruction, the judge essentially vouched for the allegation that a larceny was committed, and effectively allowed the jury to bypass consideration of whether a larceny occurred. After comment from the defense counsel, the judge attempted to correct his error stating, "larceny in this case, it was done in the commission of a larceny. It simply means taking, intentionally taking properties or intent to take properties and having the intent to permanently deprive the owner of that property and to keep." (T 344). In giving this instruction, the judge essentially vouched for the allegation that a larceny was committed, and effectively allowed the jury to bypass consideration of whether a larceny occurred. There is a difference between commenting on the evidence, and making a finding of fact for the jury. The trial judge erred reversibly in instructing the jury that the essential element of larceny in the criminal offense of felony murder existed. Such an instruction violates the fundamental right of Defendant to have a jury pass on all elements of the crime charged. The judge's instruction was so egregious as to constitute manifest injustice.

> D.) THE TRIAL JUDGE ABUSED HIS DISCRETION IN GIVING AN INCOMPLETE AND ERRONEOUS INSTRUCTION ON FELONY FIREARM.

The judge gave the following instructions on felony firearm:

"If you find that there was a murder committed in Count I or Count II, and it was

done by firearm, then those would be the elements of Possession of a Firearm in the Commission of a Felony.  In other words, using a firearm to commit a felony would be Felony Firearm, and that's the other count.  Again, you may find him guilty of Felony Firearm, or you may find him not guilty of Felony Firearm."  (T 335).

The Criminal Jury Instructions set forth the elements for felony firearm:

"(1)The defendant is also charged with the separate crime of possessing a firearm at the time [he/she] committed [or attempted to commit] the crime of _____.

(2)To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(3)First, that the defendant committed [or attempted to commit] the crime of _____, which has been defined for you.  It is not necessary, however, that the defendant be convicted of that crime.

(4)Second, that at the time the defendant committed [or attempted to commit] that crime [he/she] knowingly carried or possessed a firearm." CJI 2d 11.34.

Again, this trial amounted to a credibility contest between police and Defendant.  There was no evidence at trial that a .380 was found at the scene of the crime.  In fact, there was no evidence of a .380, or any other gun, found at the scene or anywhere else.  Contrarily, Officer Babcock, a police evidence technician, testified at trial that he had examined the crime scene, and had found no gun of any kind.  (T 126).

In simply contending that "If you find there was a murder committed in count I or count II, and it was done by firearm, then those are the elements of possession of a firearm in commission of a felony," the judge neutralized the elements of the charge, and allowed the jury to bypass strict scrutiny of the facts to reach a conviction.  Because the judge's instruction on felony firearm was incomplete and allowed the jury to circumvent a proper evaluation of the facts, Mr. Ward was denied a fair trial.  Consequently, he is entitled to a new trial.

# **EXHIBITS**

Affidavit(s)

Police Reports

Transcripts

# STATE APPELLATE DEFENDER OFFICE

**DAWN VAN HOEK**
DIRECTOR

**JONATHAN SACKS**
DEPUTY DIRECTOR

www.sado.org
Client calls: 313.256.9822



**MAIN OFFICE:**
PENOBSCOT BLDG., STE 3300
645 GRISWOLD
DETROIT, MI  48226-4281
Phone: 313.256.9833 • Fax: 313.965.0372

**LANSING AREA:**
Phone: 517.334.6069 • Fax: 517.334.6987

October 15, 2012

Ramon Lamar Ward
No. 241756
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Dear Mr. Ward:

Enclosed is a copy of the Transcript of Sentence that occurred on July 8, 1994. Our file indicates that the remainder of the transcripts were sent to Attorney Elizabeth L. Jacobs on July 25, 2000.

Please write to Attorney Jonathan Sacks if you have any questions or concerns.

Sincerely,

Kristen Minear
Paralegal

Enclosure

cc: File # 13799

# STATE APPELLATE DEFENDER OFFICE

### Detroit

**DAWN VAN HOEK**
DIRECTOR

**JONATHAN SACKS**
DEPUTY DIRECTOR

www.sado.org
Client calls: 313.256.9822

**MAIN OFFICE:**
PENOBSCOT BLDG., STE 3300
645 GRISWOLD
DETROIT, MI 48226-4281
Phone: 313.256.9833 • Fax: 313.965.0372

**LANSING AREA:**
Phone: 517.334.6069 • Fax: 517.334.6987

September 24, 2012

Ramon L. Ward
No. 241756
E. C. Brooks Correctional Facility
2500 S. Sheridan Road
Muskegon Heights, MI 49444

Dear Mr. Ward,

Thank you for contacting us regarding the application of *Miller v. Alabama* to your own prison sentence.

Because SADO is a state agency, we do not have discretion to take on all the clients we would like to help. We must either be assigned to a client by a court, or we must receive approval from the State Appellate Defender Commission to do additional work for former clients. In the wake of *Miller*, the Appellate Defender Commission has granted us permission to argue for resentencing for those former clients who were convicted to life without parole for first-degree murder offenses committed as juveniles. Unfortunately, because you were convicted of committing a crime after turning 18 years of age this grant of permission does not extend to your case. **Consequently, we cannot provide you with direct legal assistance.**

Although we cannot provide you with legal assistance, we are happy to provide you with information from our file on your case which may be useful to you in filing a motion under MCR 6.500. Please let us know if there is any specific document(s) that you would like.

We wish you the best.

Sincerely

*Brett De Groff /S/KM*

Brett DeGroff
Assistant Defender

1                    **STATE OF MICHIGAN**

2          **IN THE RECORDER'S COURT OF THE CITY OF DETROIT**

3    THE PEOPLE OF THE
     STATE OF MICHIGAN,

4

5    vs.                          Case No. 93-12868

6    OLIVERA COWEN,

                    Defendant.             **RECEIVED**

7    _____/     MAR 2 4 1999

8

                                           State Appellate Defender
9              **TRANSCRIPT OF SENTENCE**   Lansing Office

10             Proceedings had in the above-entitled

11      matter before the HONORABLE MICHAEL SAPALA,

12      Recorder's Court Judge, at the Frank Murphy Hall of

13      Justice, 1441 St. Antoine Street, Courtroom 404,

14      Detroit, Michigan on July 8, 1994.

15

16   APPEARANCES:

17                  WILLIAM HEAPHY, Esq.
                    Assistant Prosecuting Attorney

18                  Appearing on behalf of the People of the
                    State of Michigan
19
                    LAURA ECHARTEA, Esq.
20                  Attorney-at-Law

21                  Appearing on behalf of Defendant
                    Olivera Cowen
22

23   Lawrence R. Przybysz, CSR 3087
     Official Court Reporter
24
                                   **RECEIVED**
25
                                   MAR 22 1999

                                   APPELLATE DEFENDER OFFICE

1

# T A B L E   O F   C O N T E N T S

2

3 Sentence                                    p.  6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**E X H I B I T S**

N O   E X H I B I T S

```
 1                              Detroit, Michigan

 2                              July 8, 1994

 3                          -  -  -

 4              (Whereupon the following proceedings are

 5      held in camera.)

 6              THE COURT:  All right.  This is docket

 7      number 93-12868, People v.  Olivera Cowen which is

 8      scheduled for sentence today.  Now, we had a side bar

 9      conference a moment ago with Mrs. Carter and Ms.

10      Echartea along with one of the officers from homicide

11      with regard to possible disposition in this case.

12      Mr. Cowen, that was outside of your presence.

13              After further discussion, I felt it would

14      be appropriate for us to move into the jury room away

15      from the prying eyes of the public and I don't think

16      anybody has any objection given the nature of what we

17      are about to talk about.  We are going to do the

18      sentence in this case in the open courtroom on the

19      record because we do have complainants here and they

20      are entitled to be here at sentence and to hear

21      whatever statements they wish to make.

22              MR. HEAPHY:  They are not here.

23              THE COURT:  All right.  But unless you want

24      to proceed in chambers --

25              MR. HEAPHY:  I think this is fine.
```

4

1          THE COURT:   I'm calling this the chambers.

2     We can proceed with the sentence in here.

3          MR. HEAPHY:   That's fine.

4          THE COURT:   Let's do that then.   Now, I

5     will begin with Ms. Echartea.   Anything you wish to

6     say before the Court passes sentence?

7          MS. ECHARTEA:   For the record, I have gone

8     over the presentence report with Mr. Cowen.   It's

9     factually correct.   The guidelines are factually

10    correct.

11         Your Honor, my understanding is that the

12    guidelines are eighteen to sixty months.   The

13    recommendation is five years probation with the first

14    twelve months in the Wayne County Jail.   I would

15    indicate even with the side bar conference that we

16    had, your Honor, that I think probation is

17    appropriate for Mr. Cowen.   However, I think that

18    twelve months in the Dickerson is too much

19    considering, even though he has a lengthy prior

20    history, your Honor, considering, one, while on this

21    pending case, he has been incarcerated because, one,

22    he cannot afford the bond.   Two, he is on parole and

23    there is a parole detainer on him.

24         I would further indicate that I talked to

25    his, excuse me, parole officer, Mrs. Patrice Landy

5

1     who indicated that if Mr. Cowen was to receive any

2     type of probation, then she would follow up with a

3     recommendation not to flop Mr. Cowen.  Not only that,

4     there would be also the possibility of tethering on

5     Mr. Cowen.

6          The other thing that I would indicate is

7     that we have Mr. James Moore.  I believe, he works

8     for the city as a detention officer.  He is here.  I

9     would ask that the Court question Mr. Moore how his

10    relationship is to Mr. Cowen as well as we have here

11    some officers that Mr. Cowen has been cooperating

12    with, I believe, squad --

13         OFFICER:  Squad four and squad two and

14    squad seven.

15         MS. ECHARTEA:  -- of the homicide division

16    and in which he has helped establish some cases.

17         THE COURT:  Let's hear that from the

18    homicide officers.  But first, Mr. Cowen, anything

19    you wish to say before the Court passes sentence?

20         THE DEFENDANT:  I tried to -- I messed up.

21    Ain't no getting around that.  And I tried to make

22    things better by trying to help out within the system

23    instead of going outside of the system.  And just

24    asking for the leniency and that I have been locked

25    up for ten months already.  And like I said, I put

6

1 myself out there towards it and it wasn't the time

2 that I did do it, you know, it wasn't no

3 premeditation there, plot or nothing like that.  It's

4 that I just did something that my heart told me to do

5 that I thought was right when I covered my body over

6 Mr. Moore's body when the guy was trying to stab him.

7 I ask the Court to take all of that into

8 consideration.

9    THE COURT:  Let me hear from Mr. Moore

10 because there was some comment about a jail break.  I

11 know of some service that the defendant performed

12 during that incident.  Mr. Moore?

13    MR. MOORE:  May twentieth, 1994, I was at

14 work, thirteen hundred Beaubien, ninth floor.  I was

15 attacked by a prisoner with a long steel sharp

16 pointed bar.  Mr. Cowen assisted me and he also

17 begged the guy that attacked me not to hurt me and he

18 also pushed the alarm button to let the other

19 officers know that there was trouble in the cell

20 block.

21    MR. HEAPHY:  State your name.

22    MR. MOORE:  James L.  Moore.

23    THE COURT:  Very good.  Let's have the

24 names of the two homicide officers who are here.

25    OFFICER:  William Peterson assigned to

7

1      squad four.

2                  OFFICER:   Ronald Tate assigned to squad

3      four.

4                  THE COURT:   And why don't one of you speak

5      for both with regard to -- Sergeant Peterson, go

6      ahead -- your interview of Mr. Cowen.

7                  OFFICER:   Mr. Cowen has assisted our squad,

8      squad four, with a case on one Corey Johnson.   I

9      suspect without his help that case would not have

10     been closed in the fashion that it has been.   It has

11     been successfully closed and that case is awaiting

12     trial at this point.   I believe, it has been through

13     the examine.   The defendants are bound over for trial

14     for that murder.   There were, I believe, two other

15     cases for squad seven and squad two.   Squad seven

16     case, I believe, in the murder of two prostitutes

17     which would be wide open without Mr. Cowen's and I

18     suspect would remain wide open forever.   The squad

19     two case, it's my understanding, had no leads

20     whatsoever, completely wide open until Mr. Cowen

21     provided certain information to squad two, to

22     Sergeant Kemp, I believe, and that case has also been

23     closed.   So, Mr. Cowen has been of considerable

24     assistance to us, I think it's safe to say.   I think

25     there are six people at this point incarcerated for

                                8

1    murder that probably would not be without Mr. Cowen's

2    help.

3              THE COURT:   And you would hope and expect

4    his continued cooperation and testimony in the

5    relatively immediate future?

6              OFFICER:   Yes, I would think so.   I don't

7    anticipate any problem with that.

8              THE COURT:   All right.   All right.   Mr.

9    Cowen, your prior record and the conduct in this case

10   would clearly justify a high guideline sentence.   I

11   think you appreciate that.   And that would be

12   certainly five to fifteen years would be a justified

13   sentence.   But given what I heard today, I think

14   there was a reason to give you some consideration.

15   We are going to do that.

16              The sentence is simply going to be this,

17   one year probation, one year William Dickerson

18   facility, expected continuing cooperation with

19   homicide on the cases referred to.   Failure to

20   cooperate would be a violation of probation and you

21   could receive up to fifteen years.   Do you understand

22   that?

23              THE DEFENDANT:   Yes, sir.

24              THE COURT:   Now, we have this problem with

25   time credited.   It is a continuing problem, but at

9

1    this point -- and you might well want to appeal this.

2    It might give you something else to do over there.

3    I'm not going to give you credit for any of the time

4    served.  My understanding of the law is that this is

5    a consecutive sentence to your parole case.

6            Now, an argument can be made, suppose that

7    because there is not a prison sentence that perhaps

8    you should be getting credit, but that issue is not

9    resolved.  Do you understand me?

10            THE DEFENDANT:  Yes.

11            THE COURT:  So you might want to appeal on

12    that basis.  I don't have the number of credit days.

13    Yes, I do.  Two hundred fifty-five days.  Does that

14    sound accurate?  That is what they compute, at least

15    at this point.  Two hundred and fifty-five days is

16    credited on your parole case only.  So you begin

17    doing the Dickerson time as of this moment.  Do you

18    understand that?

19            THE DEFENDANT:  Yes.

20            THE COURT:  You have a right to appeal this

21    conviction and we will give you a lawyer if you

22    cannot afford one.  We will give you a free

23    transcript and you have to move to set aside the

24    guilty plea within six weeks from today's date.  Do

25    you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.

3          MR. HEAPHY:  Judge, I think there is an

4     habitual information, is there?

5          MS. ECHARTEA:  That's correct, your Honor.

6          MR. HEAPHY:  I think I filed one, but I

7     move to dismiss the habitual information.

8          THE COURT:  Yes, the agreement was dismiss

9     the habitual.

10          MR. HEAPHY:  Right.

11          THE COURT:  We will dismiss that.  Okay.

12     That's it.  Thank you, gentlemen.

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    CERTIFICATE OF COURT REPORTER

3

4              I certify that the foregoing transcript is

5        a correct recording of the proceedings in the

6        above-entitled matter.

7

8

9

10       _____        3-17-99 .

11       Lawrence R. Przybysz, MA, CSR, RPR        Date
         Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                              12

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 28, 2014

Robert P. Young, Jr.,
Chief Justice

147822 & (30)

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                   SC:  147822
                                                    COA:  314054
                                                    Wayne CC:  94-004942-FC
RAMON LAMAR WARD,
            Defendant-Appellant.

_____/

        On order of the Court, the application for leave to appeal the August 22, 2013 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).  The motion to amend motion for remand is DENIED.



s0224

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 28, 2014



Clerk

# Court of Appeals, State of Michigan

## ORDER

People of MI v Ramon Lamar Ward

Docket No.   314054

LC No.   94-004942-FC

Michael J. Talbot
Presiding Judge

Kirsten Frank Kelly

Michael J. Riordan
Judges

---

The Court orders that the delayed application for leave to appeal the June 29, 2012, order from the Wayne Circuit Court is DISMISSED for lack of jurisdiction. Because defendant previously appealed and filed a post-judgment motion for relief, he could seek relief in the circuit court only under the procedures provided by Subchapter 6.500 of the Michigan Court Rules. Defendant already filed a motion for relief from judgment, see Docket No. 295025. Defendant cannot appeal the denial or rejection of a successive motion for relief from judgment. See MCR 6.502(G)(1). None of the exceptions found in MCR 6.502(G)(2) are applicable.

The motions to remand and the motion to amend motion for remand are DISMISSED.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

AUG 2 2 2013
_____
Date

_____
Chief Clerk

counsel does not satisfy the "good cause" requirement because it is established that counsel need not raise all possible claims of error.[3]

The arguments proffered by defendant do not persuade the court that the "good cause" requirement should be waived. Defendant has not shown evidence of "prejudice." He was afforded a fair trial before jury and full appeal. Application of the holding in *Strickland* demonstrates that defendant has not made the requisite showing of prejudice from appellate counsel's actions to cause this court to conclude that but for the counsel's conduct, the outcome of Defendant's appeal would have been more favorable.

Therefore, for all the reasons stated, Defendant's Successive Motion for Relief Judgment is hereby <u>DENIED</u>.

DATED: _JUN 2 9 2012_____

_____
Hon. James A. Callahan
CIRCUIT COURT JUDGE

---

[3] *Jones v Barnes*, 463 US 745; 103 S Ct 3308; 77 L Ed 2d (1983).

4 | P a g e

render a different result probable on retrial, and 4) of a nature that could not have been discovered with reasonable diligence for the first trial. [2]

The defendant has offered recent affidavit of witness, Montez Thompson, which is to provide evidence that Defendant was not involved in the aforementioned crimes and wrongfully convicted. However, the testimony proffered by this witness is not of such a nature as to render a different result on re-trial, for two reasons: First, there was other significant testimony proffered against the defendant, as well as other independent indicia and material evidence that was more than sufficient to prove the guilt of the defendant. Second, the content and quality of the statements made by this witness scantily correlate and the Court questions the truthfulness, sincerity and motive of witness Thompson.

The Defendant further offers and alleges the "handwritten" police report of Lieutenant William Rice as newly discovered evidence. This evidence is not newly discovered as it was authored and available for production prior to Defendant's trial. None of the above evidence is of such a nature as to render a different result on re-trial.

As such, defendant's proffered evidence does not meet the criteria to be considered newly discovered evidence which would entitle him to a new trial. This motion is not properly before this Court, and Defendant's argument is without merit.

As to the remaining issues argued by defendant, this court finds Defendant has not shown "good cause" under MCR 6.508(D)(3) as to why the issues presented in the motion were not previously raised on appeal. In this case, ineffective assistance of

---

[2] *People v Higginbotham*, 21 Mich App 489; 175 NW2d 557 (1970).

November 14, 2008, this Court denied Defendant's first motion for relief from judgment.

Defendant now files a Successive motion for Relief from Judgment based on Newly Discovered Evidence. The Prosecution has not filed a response.

**MCR 6.502(G)** states in pertinent part: "...That regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The only exception to this rule is under subrule (G)(2), which states that 'a defendant may file a second or subsequent motion based on a retroactive change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first motion.' "[1]

In this case, Defendant's newly discovered are the affidavits of witnesses Rossi Maclin and Dennis Elliott. Defendant proffers that this testimony serves as a basis of an evidentiary hearing, evidence of defendant's actual innocence and constitutes grounds for reversal and new trial.

It has long been the rule in Michigan that before a new trial can be granted on the basis of newly discovered evidence, that the evidence must meet four requirements. The evidence must be 1) newly discovered, 2) not cumulative, 3) of such a nature as to

---

[1] MCR 6.502(G)(2).

STATE OF MICHIGAN
THIRD CIRCUIT COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff,

Case No. 94-004942
Hon. James A. Callahan

v

RAMON LAMAR WARD,

Defendant.

_____/

**OPINION**

For reasons more fully explained below, the Court will deny defendant's

Successive Motion for Relief from Judgment.

Following a jury trial, defendant was convicted of first-degree felony murder,

**MCL 750.316(1)(b); MSA 28.548(1)(b)**, second-degree murder, **MCL 750.317; MSA**

**28.549**, and possession of a firearm during the commission of a felony, **MCL 750.227b;**

**MSA 28.424(2)**. Defendant was sentenced to life imprisonment for the first-degree

murder conviction, forty to sixty years imprisonment for the second-degree murder

conviction, and a consecutive two years imprisonment for the felony-firearm

conviction.

On September 17, 1997, the Michigan Court of Appeals affirmed Defendant's

convictions and sentences. On March 28, 2000, the Michigan Supreme Court denied

defendant's application for leave to appeal the September 17, 1997 order of the Court of

Appeals as it was not persuaded that the questions presented should be reviewed. On

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RAMON LAMAR WARD, 241756,

                    Petitioner,                          Case No.   10-12096

v.                                                       Judge  Robert H. Cleland

                                                         Magistrate Judge  Charles E. Binder
DAVID BERGH,

                    Respondent(s).
_____/

## ORDER REQUIRING RESPONSIVE PLEADING

         The petition for a writ of habeas corpus has been examined.  It is not subject to summary dismissal under
Rule 4, Rules Governing Section 2254 Cases.

         **IT IS ORDERED** that the Clerk of the Court serve a copy of the petition and a copy of this Order on
Respondent and on the Attorney General for the State of Michigan **by first class mail** as provided in Rule 4.

         **IT IS FURTHER ORDERED** that Respondent file a response to the petition in accordance with Rule 5,
Rules Governing Section 2254 Cases by __DECEMBER 1, 2010__ .  Petitioner shall have **45 days** from
the date of the responsive pleading to submit a reply.

         **IT IS FURTHER ORDERED** that, as part of the response, Respondent shall file with the Clerk a copy of
the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state
appellate opinions and orders as required by Rule 5.  A separate index listing the materials being submitted shall
also be filed.

Date: __June 4, 2010__                                  __s/R. Steven Whalen_____
                                                        R. Steven Whalen
                                                        United States Magistrate Judge
_____

## Certificate of Service

         I certify that, on the date indicated below, I arranged for service as provided above, and I mailed a copy of
this Order to Petitioner.

Date: __June 4, 2010__                                  __s/T. McGovern_____
                                                        Deputy Clerk

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the court will stay further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, the court will impose upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *See id.* Further, he must ask this court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation marks omitted).

Finally, Petitioner asks to supplement his habeas petition to include the affidavit and police reports attached to his motion. The court will grant this request.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion to Remand in Response to Respondent's Opposition" [Dkt. # 11] is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to supplement or hold in abeyance [Dkt. # 12] is GRANTED. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this order and a motion to lift the stay and amended petition in this court within sixty days after the conclusion of the state

court proceedings.  The affidavit and police reports may be included with the amended petition.

Finally, IT IS ORDERED that, to avoid administrative difficulties, the clerk of court is DIRECTED to close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court will order the clerk to reopen this case for statistical purposes.

                            s/Robert H. Cleland
                            ROBERT H. CLELAND
                            UNITED STATES DISTRICT JUDGE

Dated:  August 25, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 25, 2011, by electronic and/or ordinary mail.

                            s/Lisa Wagner
                            Case Manager and Deputy Clerk
                            (313) 234-5522

# United States Court of Appeals
## Sixth Circuit

---

**Kimberly SYKES, Tevya Grace Urquhart,**
  **Plaintiffs-Appellees/Cross-Appellants,**

v.

**Derrick ANDERSON, Carol Nichols,**
  **Defendants-Appellants/Cross-Appellees.**

_____/

Nos. 08-2088, 08-2090, 08-2118
Argued: April 29, 2010.
Decided and Filed: Nov. 9, 2010.

**Background:** After dismissal of state crimes and release from prison, plaintiffs brought separate actions, one in Michigan state court and other in federal court, against city police officers, alleging false imprisonment, malicious prosecution, and denial of due process, and against city, alleging failure to respond to citizen complaints and failure to train and supervise employees. State court action was removed and actions were consolidated. The United States District Court for the Eastern District of Michigan, Nancy G. Edmunds, J., 2007 WL 4557713, granted city's summary judgment motion, and, 2008 WL 786626, granted in part and denied in part officers' motion for judgment as matter of law. Plaintiffs and officers appealed and cross-appealed.

**Holdings:** The Court of Appeals, Karen Nelson Moore, Circuit Judge, held that:
(1) officers waived qualified immunity defense;
(2) probable caused was lacking at time officer submitted arrest warrant application, supporting unlawful arrest claim;
(3) officers lacked probable cause at time of arrest and through time that criminal proceedings commenced, supporting malicious prosecution claim;
(4) officer testified falsely at preliminary hearing and participated in or influenced decision to prosecute, supporting malicious prosecution claim;
(5) subject evidence was not available from other source for purposes of Brady-based due process claim;
(6) casino letter, which contradicted officer's testimony, was favorable to plaintiffs and its withholding prejudiced them; and
(7) remand was required for district court to provide reasons for denying officers' motion for remittitur of damages awards.

OPINION

<u>KAREN NELSON MOORE</u>, **Circuit Judge.**

In 2004, the Michigan Court of Appeals overturned Kimberly Sykes's and Tevya Urquhart's convictions for the state crimes of "Larceny by Conversion" and "False Report of a Felony" on the grounds that their convictions were based on mere "speculation" and "layers of impermissible inferences." After their release from prison, Sykes and Urquhart ("the Plaintiffs") brought <u>42 U.S.C. § 1983</u> actions against several Detroit police officers, asserting claims of false imprisonment, malicious prosecution, and denial of due process. The Plaintiffs also brought suit against the City of Detroit on the grounds that the City failed to respond to citizen complaints and failed to train and supervise its employees. The district court dismissed the claims against the City of Detroit prior to trial but submitted the remaining claims to the jury. Ultimately, the jury returned a verdict in favor of the Plaintiffs on three claims against two individual officers ("the Defendants") and awarded the Plaintiffs over $2.5 million in compensatory and punitive damages. The Defendants now contest the district court's denial of their motion for judgment as a matter of law and appeal the damage award.

For the following reasons, we **AFFIRM** the judgment of the district court as to the Plaintiffs' claims of false arrest, malicious prosecution, and violations of due process; we **REMAND** the case for the sole purpose of having the district court articulate, in the first instance, an explanation for its denial of the Defendants' motion for remittitur; and we **HOLD IN ABEYANCE** the Plaintiffs' cross-appeals in Case Numbers 08-2090 and 08-2118, pending our review of the district court's explanation for the denial of the Defendants' motion for remittitur.

Affirmed in part and held in abeyance and remanded in part.

Photocopied at Thumb correctional Facility

13. When undersigned counsel failed to do this, she was not acting in the interest of Mr. Ward or as an agent of Mr. Ward.


Date: _____                    _____
                                          Kimberly A. Thomas, P66643


State of Michigan          )
                           )
Washtenaw County           )

Subscribed and sworn to before me on the 27TN day of April, 2010.

_____
Diane G. Devlin, Notary Public
Acting in Washtenaw County, Wayne County, State of Michigan
My Commission Expires 12/18/2012

Photocopied at Thumb correctional Facility

AFFIDAVIT of KIMBERLY A. THOMAS
IN *PEOPLE V. RAMON WARD*


I, Kimberly A. Thomas, Michigan P#66643, state the following:


1.  Mr. Ward obtained undersigned counsel to file timely and competent appeals of the denial of his motion for relief from judgment, filed under Mich. Ct. R. 6.500 et seq.

2.  I represented Petitioner Ramon Ward in his state court appeal of the trial court's denied of his petition filed under Mich. Ct. Rule 6.500 et seq.

3.  I first represented Mr. Ward in the Michigan Court of Appeals, in an application for leave to appeal the denial of his Mich. Ct. Rule 6.500 et. seq petition.

4.  The Michigan Court of Appeals denied the application for leave to appeal.

5.  After this denial, I intended to file a timely application for leave to appeal with the Michigan Supreme Court.

6.  I wrote the wrong date on my calendar for the timely filing of the leave to appeal with the Michigan Supreme Court.

7.  I realized the error after business hours on April 13, 2010, after the date for filing, which was, in fact, April 9, 2010.

8.  Counsel filed the leave to appeal with the Michigan Supreme Court on the following day, April 14, 2010.

9.  The Michigan Supreme Court rejected the filing as untimely.

10. Undersigned counsel's conduct did not pursue the interests of Mr. Ward in her failure to file a timely application for leave to the Michigan Supreme Court.

11. Undersigned counsel did not, and does not, have a legal, strategic, or tactical reason for the failure to file a timely appeal. Undersigned counsel was not attempting to "sandbag" Mr. Ward's claims or otherwise gain an advantage for Mr. Ward.

12. Mr. Ward, in part, obtained undersigned counsel in order to timely pursue all available state remedies for his claims filed under Mich. Ct. Rule 6.500 et. seq.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
CRIMINAL DIVISION
===============================================================
=

PEOPLE OF THE STATE OF MICHIGAN ,
                    RESPONDENT ,

314054

                                                COA#   314054

                                          LC#:94-004942FC

VS.

RAMON WARD ,
                    PETITIONER.

_____/

AFFIDAVIT OF QUINELL MAY

COUNTY OF WAYNE )
                )SS
STATE OF MICHIGAN )

I QUINELL MAY, being first duly sworn ,deposes and says the
following:

1) That in 1994 I was 12 years old and was selling Drugs, And
that I witnessed the Killing of Joan and Denise, and the
Killing is no other then Cherokee Marcllus .

2) I. QUINELL MAY was an eyewitness of the killings mentioned
above and I have first hand Knowledge and eye witness evidence
that can prove the actual innocence of Ramon Ward, and I will
testify to these facts in court if necessary to the forgoing
facts.

3) I QUINELL MAY witnessed the killing of Joan and Denise in
1994 in an Vacant Dwelling and drug spot, in the Block of
Moran Street.

4) I escaped within minutes of my life, After i heard the

shoots and witness the killing THAT Cherokee committed , shot
and Murdered Joan thin went after Denise it was thin when I
escaped after I heard the 2nd shots. I was there Rolling
selling cocaine out of the dwelling for Roman Ward, Before
the shootings. Cherokee Joan and Denise were in another room
tricking , and getting high when out of the Blue Cherokee
Screamed out, trick you think I'm a fool or something you done
stole my shit trick, then out of the clear blue he shoot Joan
She falls on the mattress, then Denise come running past me
scramming. I was Froze because it happen so fast.

5) He then took off after Denise, I was so shock and scared in
my tracks, But I snipped out of  it before i become the 3rd
victim as well. I did see Denise swinging throwing her hands
up to block the Gun from Being in her face  that's  when I
jumped out of the window in the cold winter snow. at the same
time I was falling to the ground I heard the  gun go off.

7) Roman Ward was not at this location none that day we was
the only ones  there,at that time. Roman had told me he had to
make a run out of town to Battle Creek for a few days on
Business. He didn't have anything too do with these said
murders this is totally unrelated to Mr Ward.

8) I seen the Flyers and I am, coming  forth with this
information on my own free well, with first hand knowledge
that Mr. Ward is an innocent man. I've tried to block this
outta my mind for years but my heart went allow me to keep
over looking what's right. Mr Ward is serving time for murders
that I no, He didn't COMMIT and this will be the right thing
to do by law, For me to  come forth with this information at
this time.

9) I've can now protect my self.  and have grown up to become
a man of integrity, at that time I was only a teenager and I
feared for my life and my love ones as well, Because the real
killer lived in the same hood as i did and i couldn't take
that chance to gamble with my family life Cherokee was a stone
cold killer that many feared. However at this time in my life
for me not to do nothing  would go against my principles that
I've grown to believe in.

10) I'm QUINELL MAY, is coming forth of my  own free will and
with good  intention with nothing to GAIN... in hope that
justice will be served of the wrongful conviction of mr Ward
he is indeed a innocent man.

11) I ,QUINELL MAY, is a eyewitness to the above mention case, I make this affidavit in Truth and IS Willing to testify to the contents of this affidavit if needed to any court of law.

I've served a copy of this affidavit by mail to the Wayne County Prosecutor Office Kim Worthy.

Affiant Further saith not.          **28 USCA § 1746**

                              QUINELL MAY

Subscribed and sworn to before me this **3** day of July ,2013

WILLIAM J. WRIGHT
NOTARY PUBLIC MUSKEGON CO., MI
MY COMMISSION EXPIRES: 02/10/14

AFFIDAVIT OF MAURICE THOMPSON

Now comes the Affiant under oaths, who will testify in court with personal Knowledge of the foregoing:

1) Affiant Asserts that he has personal Knowledge that relates to the innocence of Ramon Ward.

2) Affiant Asserts that my family member Charekee Marcellus personal confessed to me that he, in fact, murdered Joan and Denise in '94' because they stole drug money from him while the was parting getting high.

3) Affiant Asserts that Cherokee Marcellus was taken in for questioning As a suspect, but was released in med. January of '94!

4) Affiant Asserts that Cherkee marcellus was taken in for another murder in 2002 or 2003 but was Again Released. The murder is unsolved, and the victim was Denise's sister. the Body was found behind Bewick Store with her hands cut off.

5) Affiant Asserts that my concious has been eating at me for many years now, Knowing that I have be in possession of information of Ramon ward innocence.

Affiant declare that the above statement are true to the best of my Knowledge, Information, and belief.
I comes forward on my own free will in my own words.

Affiant further sayther Naught

Respectfully Submitted:

on/ Thompson

Notary Public

02/04/09

01-12-15

my commission Expires

R. MCCARY
Notary Public, State of Michigan
County of Mason
My Commission Expires Jan. 12, 2015 —
Acting in the County of MANISTEE