**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RAMON LAMAR WARD,

          Petitioner,

v.                                                  Case Number: 2:10-CV-12096

DAVID BERGH,

          Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
AND REQUIRING AMENDED RESPONSIVE PLEADING**

      Pending before the court is habeas petitioner Ramon Lamar Ward's Motion for Appointment of Counsel. (Dkt. # 17.) Ward is a Michigan state prisoner currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. Ward filed a petition for a writ of habeas corpus in this court in 2010, challenging his convictions for first-degree felony murder, second-degree murder, and possession of a firearm during the commission of a felony. Petitioner then sought, and the court granted, a stay to allow him to exhaust unexhausted claims in state court. After exhausting his state remedies, on April 16, 2014, Petitioner filed a Motion to Lift the Stay (Dkt. #16), which the court granted on October 7, 2014 (Dkt. # 21), the instant motion (Dkt. # 17), and an Amended Petition (Dkt. #18).

      There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638

(6th Cir. 1986). "[H]abeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Petitioner filed a petition for write of habeas corpus, in which he raised six claims for relief. In support, Petitioner filed a forty-three page memorandum of law. After a preliminary review of the petition for writ of habeas corpus and accompanying memorandum of law as well as the Government's response and Rule 5 materials, the court finds that the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Further, at this point it does not appear that the court will need to conduct an evidentiary hearing. *See Satter*, 976 F. Supp. at 885.

Accordingly,

IT IS ORDERED that Petitioner's Motion for the Appointment of Counsel (Dkt. # 17) is DENIED.

IT IS FURTHER ORDERED that Respondent file an answer responding to the allegations of the amended petition in accordance with Rule 5, Rules Governing Section 2254 Cases, within NINETY DAYS from the date of this Order.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: March 5, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 5, 2015, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522